1 | John A. Girardi (State Bar No. 54917)
  | (jgirardi@girardikeese.com)
2 | Thomas V. Girardi (State Bar No. 36603)
  | (tgirardi@girardikeese.com)
3 | GIRARDI & KEESE
  | 1126 Wilshire Blvd.
4 | Los Angeles, CA 90017-1904
  | Telephone: (213) 977-0211
5 | Facsimile: (213) 481-1554

6 | *Attorneys for Plaintiff*
  | *Adriann Georges*

7

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ADRIANN GEORGES, | Case No. **2:06-CV-05207-SJO-VBK** |
|---|---|
| Plaintiff, | **PLAINTIFF ADRIANN GEORGES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER OMNIBUS MOTION IN LIMINE [NO. 1]; EXHIBIT 1** |
| v. | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | [Filed concurrently with Notice of Motion and Omnibus Motion [No. 1]; Supporting Declaration of Molly B. Weber; and [Proposed] Order] |
| Defendant. | Hearing Date: November 27, 2012
Time: 9:00 a.m.
Courtroom: 1
Judge: Hon. S. James Otero |

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES RE: PLAINTIFF'S OMNIBUS MOTION IN LIMINE [NO. 1]

Plaintiff Adriann Georges respectfully submits this memorandum in support of her motion *in limine* moving this Court for an order excluding all evidence, references, testimony or argument relating to the various topics set forth below.

**A.     Any mention or disclosure, whether directly or indirectly, in any manner, that Plaintiff is covered by some form of insurance for the incident in question.**

Under the collateral source rule, NJSA 2A: 15-97, a tortfeasor has no right to mitigate damages because of payments or compensation that an injured person has received from an independent sources. *See* Thomas v. Toys "R" Us, Inc., 282 N.J.Super. 569 (App.Div. 1995), cert. denied, 142 N.J. 574 (1995); F.R.E. 403, 411. The tortfeasor has no right to benefit from these collateral payments, and thus defendant should not be able to reference those types of compensation at trial in an effort to reduce damages assessed by the jury. Such fact is entirely immaterial to any issue in this case and any mentioning or inference thereof, directly or indirectly, in any manner, will be harmful or unjustly prejudicial to the Plaintiff. *See* F.R.E. 403. Any necessary offset can be effectuated by your Honor post-judgment if necessary. This motion was previously brought in a similar case and granted by that court. *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

**B.     Any statement that a verdict for Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications.**

Such argument is irrelevant, as it does not make the existence of any consequential fact more or less probable. *See* F.R.E. 401-402. Instead, this argument constitutes unsupported speculation regarding a very remote topic, and is likely to involve matters outside the record, including hearsay and double hearsay.

*See* F.R.E. 802.  Any comment on the possible effects of an award of damages in this case would confuse and mislead the jury and waste the court's time.  *See* F.R.E. 403.

Moreover, such argument is highly prejudicial and calculated to inflame the jury.  *See* F.R.E. 403.  Such argument would suggest to the jury that if they were to side with Plaintiff, pharmaceutical companies would stop developing new mediations which would be detrimental to people's health, including but not limited to their own.  That is an inflammatory claim that has no place in litigation, especially in light of the current debate on healthcare reform.  For these reasons, this argument should not be mentioned or referenced in front of the jury as it will greatly prejudice Plaintiff.  This motion was previously brought in a similar case and granted by that court.  *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

**C.     Any comment or inference, or submitting any evidence, testimony or documents tending to suggest in any way that any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide.**

Such argument is irrelevant, as it does not make the existence of any consequential fact more or less probable.  *See* F.R.E. 401-402.  Instead, this argument constitutes unsupported speculation regarding a very remote topic, and is likely to involve matters outside the record, including hearsay and double hearsay.  *See* F.R.E. 802.  Any comment on the possible effects an award of damages in this case would confuse and mislead the jury and waste the court's time.  *See* F.R.E. 403.

1  Moreover, such argument is highly prejudicial and calculated to inflame the jury. *See* F.R.E. 403. Such argument would suggest to the jury that they should side with Novartis if they do not want the price of medications and healthcare to rise, which is an inflammatory claim that has no place in litigation, especially in light of the current debate on healthcare reform. For these reasons, this argument should not be mentioned or referenced in front of the jury as it will greatly prejudice Plaintiff. This motion was previously brought in a similar case and granted by that court. *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

**D.  Any comment or personal anecdote from any witness or lawyer for the Defendant about themselves, or family members who have used Aredia, Zometa, or any type of bisphosphonate.**

Such evidence is irrelevant, hearsay, and undeniably prejudicial. *See* F.R.E. 402-403. These emotional stories cannot be verified and will inappropriately sway the sympathies of the jury. This motion was previously brought in a similar case and granted by that court. *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

**E.  Any mention of a purported "litigation crisis", "lawsuit crisis", "lawsuit abuse", or similar terms or phrases.**

Such argument is irrelevant, as it does not make the existence of any consequential fact more or less probable. *See* F.R.E. 401-402. Any comment would confuse and mislead the jury and waste the court's time. *See* F.R.E. 403. Moreover, such argument is highly prejudicial and calculated to inflame the jury. *See* F.R.E. 403.

Such an argument by the defense would be akin to commenting on the legitimacy of this and other lawsuits, suggesting to the jury that this lawsuit is groundless or part of some societal problem. Such argument would suggest to the jury that siding with Novartis in this case would somehow make up for a general overabundance of lawsuits brought in this country, which is an inflammatory claim that has no place in litigation. Such information would only be used by Defendant in an attempt to play to the jurors' opinions on tort reform, or lawyers as professionals. For these reasons, this Court should preclude this argument from being mentioned or referenced in front of the jury as it will cause great prejudice to Plaintiff. This motion was previously brought in a similar case and granted by that court. *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

**F.     Any comment, evidence, testimony, inference, or document mentioning that state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits.**

Such argument is irrelevant, as it does not make the existence of any consequential fact more or less probable. *See* F.R.E. 401-402. Instead, this argument constitutes unsupported speculation, and is likely to involve matters outside the record, including hearsay and double hearsay. *See* F.R.E. 802. Any comment on these matters would confuse and mislead the jury and waste the court's time. *See* F.R.E. 403. Moreover, such argument is highly prejudicial and calculated to inflame the jury. *See* F.R.E. 403.

Further, such information would only be used by Defendant in an attempt to play to the jurors' opinions on tort reform, or lawyers as professionals. It is unnecessary information that will only waste the court's time and confuse the jury. For these reasons, this argument or comment must not be mentioned or referenced

in front of the jury as it will greatly prejudice Plaintiff. This motion was previously brought in a similar case and granted by that court. *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

**G.     Any comment, evidence, testimony, inference, or document mentioning that state tort law undercuts the FDA's mission to provide only scientifically valid warnings.**

Such argument is irrelevant, as it does not make the existence of any consequential fact more or less probable. *See* F.R.E. 401-402. Instead, this argument constitutes unsupported speculation, and is likely to involve matters outside the record, including hearsay and double hearsay. *See* F.R.E. 802. Any comment on these matters would confuse and mislead the jury and waste the court's time. *See* F.R.E. 403. Moreover, such argument is highly prejudicial and calculated to inflame the jury. *See* F.R.E. 403.

Further, such information would only be used by Novartis in an attempt to play to the jurors' opinions on tort reform, or lawyers as professionals. It is unnecessary information that will only waste the court's time and confuse the jury. For these reasons, this argument or comment must not be mentioned or referenced in front of the jury as it will greatly prejudice Plaintiff. This motion was previously brought in a similar case and granted by that court. *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

**H.     Any comments or argument that the absence of any evidence of FDA sanction is proof of full and timely compliance with FDA regulations.**

In a previous trial for a case similar to the instant case, in closing, counsel argued:

> And we think that there is no evidence whatsoever in this record--in fact, the evidence is all in Novartis's favor that Novartis has never been cited for any problem with respect to the regulatory requirements, labeling and otherwise, included for the marketing and use of Zometa in cancer patients in the United States.
>
> And there has been no testimony from anyone in this trial that even suggests that the FDA was unhappy with Novartis's pharmacovigilance compliance, as you heard one of the witnesses refer to. That witness was Dr. Parisian.

*Stevens* trial transcript, Closing Statement of Joe Hollingsworth, Esq., 1720:3-14, *Stevens v. Novartis Pharms. Corp.*, No. DV-08-100 (Mont. 4th Jud. Dist. Ct. Oct. 20, 2009) (attached as **Exhibit 1**).

Such argument is irrelevant, as it does not make the existence of any consequential fact more or less probable. *See* F.R.E. 401-402. Instead, this argument constitutes unsupported speculation, and is likely to involve matters outside the record, including hearsay and double hearsay. *See* F.R.E. 802. Any comment on these matters would confuse and mislead the jury and waste the court's time. *See* F.R.E. 403. Moreover, such argument is highly prejudicial and calculated to inflame the jury. *Id.* This motion was previously brought in a similar case and granted by that court. *In re: Aredia® and Zometa® Litigation (Bessemer et al. v. Novartis Pharms. Corp.)*, MID-L-1835-08-MT (Case No. 278 MT) (Sup. Ct. New Jersey).

### I. Any comment or testimony concerning any current clinical trials or expansion of its indications.

Mrs. Georges ceased taking any bisphosphonate in 2005. No indication requested or approved after this date has any bearing whatsoever on the facts at issue in this case. Such argument is irrelevant, as it does not make the existence of any consequential fact more or less probable. *See* F.R.E. 401-402. Instead, this argument constitutes unsupported speculation, and is likely to involve matters outside the record, including hearsay and double hearsay. *See* F.R.E. 802. Any comment on these matters would confuse and mislead the jury and waste the court's

time. *See* F.R.E. 403. Moreover, such argument is highly prejudicial and calculated to inflame the jury. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff Adriann Georges respectfully requests that this Court preclude discussion of the issues addressed herein by Novartis, their witnesses, and their counsel at all times the jury is present.

DATED: October 23, 2012

GIRARDI | KEESE

/s/ John A. Girardi
John A. Girardi (State Bar No. 54917)
(jgirardi@girardikeese.com)
Thomas V. Girardi
(tgirardi@girardikeese.com)
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Thomas E Rubbert
(rubbertlaw@aol.com)
Thomas E Rubbert and Associates
790 East Colorado Boulevard, 9th Floor
Pasadena, CA 91101
Telephone: 626-793-2773
Facsimile: 626-792-5035

Robert G Germany
(rgg@pgrwlaw.com)
Pittman Germany Roberts and Welsh LLP
410 South President Street
Jackson, MS 39201
Telephone: 601-948-6200
Facsimile: 601-948-6187

*Attorneys for Plaintiff*
*Adriann Georges*