FILED
CLERK, U.S. DISTRICT COURT

September 24, 2013

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANN GEORGES,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | CASE NO. **2:06-CV-05207-SJO-VBK**<br><br>Assigned to S. James Otero, Courtroom 1<br><br>**JUDGMENT ON A JURY VERDICT** |

    This action was tried by a jury with Judge S. James Otero presiding, and the jury has rendered a verdict.

    IT IS ORDERED that the plaintiff Adriann Georges recover from the defendant Novartis Pharmaceuticals Corporation the amount of $2,162,000. with post-judgment interest at the applicable statutory rate and costs.

    The jury's award of $2,162,000. is comprised of the following components as found by the jury in response to specific questions addressed to them by the Court:

    1.    "Did Novartis Pharmaceuticals Corporation fail to provide an adequate

warning to Mrs. Georges' prescribing physician or oral and maxillofacial surgeon of the potential risk of a substantial danger that were known or knowable at the time of distribution in light of generally accepted scientific and medical knowledge?"

Jury: "Yes."

2. "Was the failure to warn a substantial factor in causing her harm?"

Jury: "Yes."

3. "Did Novartis Pharmaceuticals Corporation negligently fail to provide an adequate warning to Mrs. Georges' prescribing physician or oral and maxillofacial surgeon of the risks of Aredia and Zometa that Novartis knew or reasonably should have known to exist?"

Jury: "Yes."

4. "Was the negligent failure to warn a substantial factor in causing her harm?"

Jury: "Yes."

5. "Did Novartis intentionally fail to disclose an important fact that was known only to Novartis and that Mrs. Georges' prescribing physician or oral and maxillofacial surgeon could not have discovered?"

Jury: "Yes."

6. "Did Novartis intend to deceive her physicians by concealing the fact?"

Jury: "Yes."

7. "Did Mrs. Georges and her physicians reasonably rely on the deception?"

Jury: "Yes."

8. "Was the concealment by Novartis a substantial factor in causing her harm?"

Jury: "Yes."

[PROPOSED] JUDGMENT
- 2 -

9. "What amount, if any, do you award to fully justify and fairly compensate Mrs. Georges for all of her

    a) past economic losses resulting from defendant's conduct?"

Jury: "$250,000."

    b) "past [non-] (sic) economic losses resulting from defendant's conduct?"

Jury: "$951,000."

    c) "future economic losses resulting from defendant's conduct?"

Jury: "$200,000."

    d) "future non-economic losses resulting from defendant's conduct?"

Jury: "$761,000."

The jury was polled following the verdict and all members of the jury affirmed the verdict as presented and read. *See* 4/24/13 Tr. Tran. at pp. 4-8.

Date: September 24, 2013

*S. James Otero*
_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT COURT JUDGE